231 N.J. Super. 97 (1989)
555 A.2d 21
EDWARD COHEN, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1989.
Decided February 27, 1989.
*99 Before Judges GAULKIN, BILDER and R.S. COHEN.
Robert G. Goodman, argued the cause for appellant (Palmisano & Goodman, attorneys).
William D. Surdovel, argued the cause for respondent.
The opinion of the court was delivered by GAULKIN, P.J.A.D.
Plaintiff Edward Cohen, insured by defendant Allstate Insurance Company under a policy providing uninsured motorist (UM) coverage of $100,000/$300,000, brought this declaratory judgment action to invalidate a policy provision which permits either party to "demand the right to a trial" if the arbitration mandated by the policy yields an award which exceeds "the minimum limit for liability specified by the financial responsibility law of New Jersey." The trial judge found the provision enforceable. Cohen appeals.
Cohen was a passenger in a car driven by one Norton which was allegedly cut off by an unknown vehicle. Norton swerved, the car went down an embankment and Cohen was severely injured. He submitted a claim for UM benefits, but was unable to reach agreement with Allstate. Cohen then filed a demand for arbitration as required by the policy. Following a hearing, the arbitrators decided, by 2-1 vote, that the unidentified driver was 90% liable and Norton 10% liable for the accident. The panel fixed damages at $60,000, reduced that sum to reflect the 10% liability attributable to Norton, and awarded Cohen $54,000. A week later, Allstate advised that it "does not accept the arbitrators' award, and demands the right to a trial of this claim." It relied upon the following provision of its policy:

*100 A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the covered person is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey.[1] If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
Cohen argues here, as he did in the trial court, that the provision permitting rejection of an arbitration award contravenes both New Jersey statutory law and public policy. We find no merit to his initial contention that the provision conflicts with N.J.S.A. 2A:24-8, which defines and delimits the situations in which a court may vacate an arbitration award. Enforcement of the policy provision does not involve judicial vacation of the arbitration award; rather, it effectuates the presumed common intent of the parties that, in certain circumstances, the award is to be of limited effect.
We are also unpersuaded by Cohen's contention that the provision contravenes New Jersey public policy in favor of arbitration and permits Allstate to benefit unconscionably from what is unquestionably a contract of adhesion. We recognize that courts of several other jurisdictions have found those arguments persuasive and have invalidated clauses permitting either party to reject a UM arbitration award. Pepin v. American Universal Ins. Co., 540 A.2d 21 (R.I. 1988); Schmidt v. Midwest Family Mut. Ins. Co., 426 N.W.2d 870 (Minn. 1988); Chrisman v. Super. Ct. (Gen. Acc. Ins. Co.), 191 Cal. App.3d 1465, 236 Cal. Rptr. 703 (1987). See also Nationwide Mut. Ins. Co. v. Marsh, 15 Ohio St.3d 107, 472 N.E.2d 1061, 1063 (1984) (Sweeney, J., concurring). Contra, Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla. 1988).
Although the public policy of this State is to favor arbitration as a means of settling disputes which otherwise *101 would go to court (Cty. Coll. of Morris Staff v. Cty. Coll. of Morris, 100 N.J. 383, 390 (1985)), it is equally true that the duty to arbitrate, and the scope of the arbitration, are dependent solely on the parties' agreement. In re Matter of Arbitration Between Grover, 80 N.J. 221, 228-229 (1979); Moreira Constr. Co., Inc. v. Wayne Tp., 98 N.J. Super. 570, 575 (App.Div.), certif. den. 51 N.J. 467 (1968). The parties may shape their arbitration in any form they choose and may include whatever provisions they wish to limit its scope. Local 462 v. C. Schaefer & Sons, 223 N.J. Super. 520, 525 (App.Div. 1988); Polshek v. Bergen Cty. Iron Works, 142 N.J. Super. 516, 521 (Ch.Div. 1976). The parties have the right to stand upon the precise terms of their contract; the court may not rewrite the contract to broaden the scope of arbitration or otherwise make it more effective. Moreira Constr. Co., Inc., 98 N.J. Super. at 576. It is also significant that, although the legislature has mandated binding arbitration of PIP claims at the option of the insured (N.J.S.A. 39:6A-5c) and has required non-binding arbitration of certain automobile tort claims (N.J.S.A. 39:6A-31), it has not required arbitration of UM claims at all. Thus the ascertainable public policy here is to encourage resort to arbitration while preserving full flexibility to the parties to elect or reject, and to structure and limit, that process as they choose. The Allstate provision does not conflict with that policy.
Cohen's further contention that the provision unconscionably favors Allstate is unsupported by the record. In his brief, Cohen speculates that "[t]he `right to request trial' provision allows Allstate to delay the payment of an award to the injured claimant while it uses the award tax-free for the duration of the litigation" and thus gives Allstate "the freedom to bind a claimant in years of litigation, which may compel injured claimants to accept insufficient awards rather than bear the expense of litigation." A parallel speculation might be that the insurer would commonly, or more likely, demand trial if the arbitration *102 award exceeds $15,000/$30,000, while the insured would generally be pleased with awards exceeding that amount and would not reject them.[2]See Chrisman, 236 Cal. Rptr. at 704-705; Nationwide Mut. Ins. Co., 472 N.E.2d at 1063 (Sweeney, J., concurring); Schmidt, 426 N.W.2d at 873. But contrary conjectures can also be offered. The possibility of a judgment including prejudgment interest may discourage insurers from rejecting arbitration awards.[3]Cf. Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 208-213 (App.Div. 1985); Reliable Water Co. v. Monroe Tp. Mun. Util., 146 N.J. Super. 291, 293-294 (App.Div. 1977). A variety of situations can be hypothesized in which an insured would welcome the opportunity to reject an arbitration award and demand a trial. Cf. Roe, 533 So.2d at 281. Moreover, if the policy provision were invalidated, we could only speculate whether insurers would eliminate UM arbitration altogether and whether that would be of benefit or harm to insureds as a class and to the public at large.
In short, while we might speculate that the policy provision is unfairly tilted in favor of Allstate, that would be nothing more than guesswork. We cannot properly base a determination of unconscionability on unsubstantiated impressions and personal intuition. Evaluation and adjustment of the competing public and private interests are best left to the legislative and administrative processes.
The judgment is affirmed.
NOTES
[1] The "minimum limit" is $15,000/$30,000. N.J.S.A. 17:28-1.1a.
[2] We note, but do not pass on, the question whether the policy provision allows for trial of damages only, or whether liability questions also can or must be tried upon rejection of the arbitration award. That question was not addressed below or in the briefs before us.
[3] At oral argument, counsel for Allstate represented that, to the best of his knowledge, this is the first New Jersey case in which an insurer has rejected a UM arbitration award and demanded a trial.