■ Franklin B. Lieberman, Appellant, v Waterways Park Associates I et al., Respondents.—Order, Supreme Court, New York County (Stanley Sklar, J.), entered November 9, 1988, which, *inter alia,* dismissed petitioner's application to stay arbitration and granted respondents' cross motion to dismiss the petition and compel arbitration, unanimously affirmed, with costs and disbursements.

Petitioner is a limited partner of Waterways Park Associates I, II and III, which are New Jersey limited partnerships engaged in the ownership and development of real estate in Florida. Respondents are general partners of the partnerships. A dispute arose between the parties in 1988 concerning petitioner's allegations of, *inter alia,* an improper dilution of his interest in the partnerships. When petitioner attempted to bring an action in Florida State court, respondents successfully interposed a demand for arbitration and stayed the Florida litigation pursuant to a broad arbitration clause in their partnership agreement. Subsequently, petitioner brought

this proceeding in New York Supreme Court to stay the arbitration proceedings which is to be governed by the laws of New Jersey. The IAS court dismissed the petition and granted respondents' cross motion to compel arbitration. We affirm.

The announced public policy of New Jersey favors and encourages the resolution of disputes through arbitration. The duty to arbitrate and the scope of the arbitration are dependent solely on the agreement of the parties. *(Cohen v Allstate Ins. Co.,* 231 NJ Super 97, 555 A2d 21.) The agreement signed by petitioner and respondents on December 17, 1984 clearly and unambiguously expresses the intention of the parties to resort to the arbitral forum to resolve their disputes. Furthermore, there is no doubt that under the arbitration clause, which compels the parties to submit to arbitration "any controversy or dispute arising out of or relating to this Agreement", disputes between limited partners and general partners, as well as the subject matter of this dispute, were intended to be covered. Moreover, mutuality of remedy is not required in arbitration contracts. *(Kalman Floor Co. v Joseph L. Muscarelle, Inc.,* 196 NJ Super 16, 481 A2d 553, *affd* 98 NJ 266, 486 A2d 334; *see also, Sablosky v Gordon Co.,* 73 NY2d 133, 137.)

We have considered petitioner's other claims in this regard and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.