A.E. STALEY MANUFACTURING COMPANY, f/k/a Staley Continental, Inc., Plaintiff and Counterdefendant-Appellant and Cross-Appellee, v. WILLIAM S. ROBERTSON, Defendant and Counterplaintiff-Appellee and Cross-Appellant (American Arbitration Association, Defendant).

First District (4th Division)   No. 1—91—1469

Opinion filed September 30, 1992.

Mark A. Casciari and Marian C. Haney, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Robert E. Arroyo and A. Benjamin Goldgar, both of Keck, Mahin & Cate, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

A.E. Staley Manufacturing Co., plaintiff and counterdefendant, appeals from an order of the circuit court of Cook County granting the petition of William Robertson, defendant and counterplaintiff (Robertson), for attorney fees, disbursements, tax gross-up payments and interest pursuant to the parties' "Management Retention Agreement" (MRA). On appeal, the issues are whether the trial court erred in (1) finding that the disputed claims for attorney fees disbursements, tax gross-up payments and interest are not arbitrable pursuant to the parties' MRA, and (2) awarding defendant actual expenses for attorney fees instead of reasonable attorney fees.

We reverse and remand.

Robertson is a former executive of Staley Continental, Inc., now known as A.E. Staley Manufacturing Company (Staley). During his employment with Staley, Robertson participated in Staley pension plans, one of which was the Staley Continental, Inc., "Supplemental Executive Retirement Plan" (SERP). The SERP contained no arbitration clause.

On April 8, 1986, Robertson entered into a contractual agreement with Staley known as a "Management Retention Agreement" (MRA). The MRA provides in pertinent part, as follows:

"7. Any controversy or claim arising out of or relating to this Agreement, or any breach hereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association."

On June 30, 1988, Robertson was terminated from his employment at Staley. Pursuant to the terms under the MRA, he received

$511,885. Robertson also received $258,978 in retirement benefits under the SERP. Robertson claimed that Staley only paid part of the retirement benefits he should have received under the SERP. He argued that Staley underpaid his SERP benefits by offsetting the amount of a lump sum payment under another pension plan in which he participated.

Robertson initiated arbitration of his SERP offset dispute under paragraph 7 of the MRA. He contended that the remedy he sought was in compliance with the MRA and the SERP. Staley filed a complaint for declaratory judgment and application for a stay of arbitration in the circuit court of Cook County. The trial court stayed arbitration of the SERP controversy under the MRA and denied Robertson's motion for a stay of the judgment.

On appeal, this court reversed the trial court's decision. (See *A.E. Staley Manufacturing Co. v. Robertson* (1990), 200 Ill. App. 3d 725.) In reaching this decision, we found that the subject matter of both the MRA and the SERP involved benefits to be afforded to Robertson in the event of his retirement or termination. (*A.E. Staley Manufacturing Co.*, 200 Ill. App. 3d at 730.) Accordingly, we found that the SERP may properly be construed as part of the MRA and that Robertson's SERP offset claim was arbitrable under the arbitration clause contained in the MRA. Having found that the dispute arose out of or was related to the MRA, we also held that Robertson would be entitled to attorney fees pursuant to paragraph 6 of the MRA. Staley's petition for leave to appeal to the Illinois Supreme Court was denied. *A.E. Staley Manufacturing Co. v. Robertson* (1990), 133 Ill. 2d 551.

Subsequently, Robertson filed a motion for an order reversing the judgment and for assessment of attorney fees and expenses pursuant to the provisions on those subjects in the MRA. Staley disputed the amount of fees and disbursements sought by Robertson and contended that the controversy should be decided by an arbitrator. Robertson argued, and the trial court found, that all of Robertson's attorney fees should be reimbursed to him, irrespective of whether or not those fees are reasonable. The trial court issued the following order:

> "Robertson is entitled to reimbursement of all attorneys' fees and disbursements actually incurred plus 'gross-up,' except that Robertson is only entitled to interest at 12 percent from the date of the [Illinois] Supreme Court's denial of Staley's petition for leave to appeal."

Robertson's position at the trial court level, and at the appellate court level, was that all fees should be paid.

Staley filed a motion to reconsider and vacate, which was denied. Robertson filed a notice of cross-appeal seeking reversal of the order to the extent that it awarded him interest only from the date on which the Illinois Supreme Court denied Staley's petition for leave to appeal.

On appeal, we first address whether the disputed claims for attorney fees and disbursements should have been sent to arbitration. Section 2(a) of the Uniform Arbitration Act (Act) provides:

> "On application of a party showing an [arbitration] agreement ***, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied." (Ill. Rev. Stat. 1989, ch. 10, par. 102(a).)

The Illinois Supreme Court stated that "if the dispute clearly falls within the scope of the arbitration agreement, the court should order arbitration." (*Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 449.) The court further stated that, even in cases where the language of an arbitration agreement is broad or unclear, the trial court should defer the arbitrability question to the arbitrator. *Donaldson, Lufkin & Jenrette Futures, Inc.*, 124 Ill. 2d at 449-50.

In this case, the arbitration clause contained in the MRA stated: "Any controversy or claim arising out of or relating to this Agreement[ ] *** shall be settled by arbitration ***." In the underlying claim, Robertson sought arbitration after a dispute arose concerning the amount of benefits to which he was entitled under the SERP. This court found that Robertson's SERP claim was a part of the MRA and that the case should have been sent to arbitration. (See *A.E. Staley Manufacturing Co. v. Robertson* (1990), 200 Ill. App. 3d 725.) Robertson now asks this court to find that his claims for attorney fees, which arose out of the underlying SERP claim, should not be arbitrated. However, to hold so would fly in the face of our earlier opinion.

■ "Once a contract containing a valid arbitration clause has been executed, the parties to the agreement are irrevocably committed to arbitrate *all* disputes arising under the contract." (Emphasis added.) (*Johnson v. Baumgardt* (1991), 216 Ill. App. 3d 550,

559.) Robertson's ancillary claims for attorney fees, disbursements, tax gross-up payments and interest payments are clearly claims "arising out of or relating to" the MRA. Paragraphs 6 and 8 of the MRA provide as follows:

> "6. If, with respect to any alleged failure by Staley (or its successor) to comply with any of the terms of this Agreement, Executive hires legal counsel with respect hereto, or institutes any negotiations or institutes or responds to legal action to assert or defend the validity of, enforce his rights under, or recover damages for breach of the same, Stanley (or its successor) shall pay, as they are incurred, his actual expenses for attorneys' fees and disbursements, together with such additional payments, if any, as may be necessary so that the net after-tax payments to Executive equal such fees and disbursements.
>
> ***
>
> 8. In the event any amount due hereunder is improperly withheld, then Staley (or its successor) agrees to pay interest on said amount at an annual rate of twelve percent (12%), or the average prime rate in effect at Continental Illinois National Bank and Trust Company, whichever is greater, for the period between Executive's termination date and the date said amount is paid."

■ Here, the MRA governs which issues are subject to arbitration and the parties are bound to arbitrate those issues which the MRA shows they have agreed upon. Applying basic contract construction principles, we find that the arbitration provision contained in paragraph 7 was intended to govern issues arising under paragraphs 6 and 8 of the MRA.

Under section 2 of the Act, the trial court should have ordered the parties to proceed with arbitration on the issue of attorney fees and disbursements. Similarly, Robertson's cross-appeal requires an interpretation of paragraph 8 of the MRA, which should also be decided by the arbitrator. Accordingly, we reverse the trial court's decision. On remand, the trial court should refer Robertson's claims for attorney fees, disbursements, tax gross-up and interest to an arbitrator pursuant to the parties' MRA.

Having determined that the trial court erred in deciding on the issue of attorney fees and disbursements, we need not address the merits of the trial court's ruling. See *United Cable Television Corp. v. Northwest Illinois Cable Corp.* (1989), 128 Ill. 2d 301, 307.

The decision of the trial court is reversed, and the cause is remanded with directions to compel arbitration.

Reversed and remanded with directions.

LINN and McMORROW, JJ., concur.