OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented on this motion by defendants to dismiss *1015 the complaint and confirm an arbitration award is whether the automobile insurance policy provision permitting a trial de nova when an arbitration panel awards a claim for under-insurance in excess of $10,000 is enforceable.
FACTS
Defendants were injured in an automobile accident. In settlement of their claims the insurer of the offending vehicle paid $10,000 to each of them, which sums constituted the full limits of its policy. Since the defendants carried supplemental uninsured motorists coverage (commonly referred to as "underinsurance”), they sought recovery from their insurer, the plaintiff herein.
The subject policy contained the following provision with respect to this coverage:
"If we and a covered person do not agree:
"1. Whether that person is legally entitled to recover damages under this endorsement; or
"2. As to the amount of damages;
"either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third * * *
"A decision agreed to by two of the arbitrators will be binding as to:
"1. Whether the covered person is legally entitled to recover damages; and
"2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators’ decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.”
In accordance with these provisions, an arbitration proceeding ensued which culminated in an unanimous award by the three-person panel of $210,000 to defendant Joseph Losquadro and $25,000 to defendant Bessie Losquadro, from both of which sums $10,000 was deducted representing the amounts received from the insurer of the offending vehicle.
Thereafter, rather than pay the amounts awarded, plaintiff instituted this action, asserting that since the awards ex *1016 ceeded the "minimum limit for bodily injury liability” specified in this State ($10,000 — Vehicle and Traffic Law § 311), it was entitled to a trial de nova "on all issues”.
Defendants have now moved to dismiss the complaint pursuant to CPLR 3211 (a), and to confirm the award pursuant to CPLR 7510 on the ground that the provision for a trial de nova is unenforceable as against public policy in that it unfairly favors insurers because the insured is bound by an award that does not exceed $10,000, whereas an award in excess of that amount is nonbinding.
DISCUSSION
Plaintiff asserts that the enforceability of the provision has already been upheld by our Court of Appeals in the case of Reichel v Government Empls. Ins. Co. (66 NY2d 1000 [1985]). There, although a trial de nova was directed based on provisions similar to that quoted above, the validity thereof had not been challenged and thus was not passed upon by the Court, as is clearly indicated in the Appellate Division opinion (107 AD2d 463, 465). Research has not located any New York decision on this specific issue, although the question was raised in Matter of Liberty Mut. Ins. Co. v Lodha (131 Misc 2d 670 [Sup Ct, Queens County 1986]), but not decided because the court found a waiver in light of the fact that the arbitration proceeded with one arbitrator under the rules of the American Arbitration Association, rather than in accordance with the policy provisions.
Although not in unanimity, courts in other States that have examined the trial de nova provision, which appears to be fairly standard throughout the country, have in recent years generally declined enforcement on public policy grounds (see, Schmidt v Midwest Family Mut. Ins. Co., 426 NW2d 870 [Minn 1988]; Mendes v Automobile Ins. Co., 212 Conn 652, 563 A2d 695 [1989]; Pepin v American Universal Ins. Co., 540 A2d 21 [RI 1988]; Worldwide Ins. Group v Klopp, 603 A2d 788 [Del 1992]; Schaefer v Allstate Ins. Co., 63 Ohio St 3d 708, 590 NE2d 1242 [1992]; O’Neill v Berkshire Mut. Ins. Co., 786 F Supp 397 [D Vt 1992]; Field v Liberty Mut. Ins. Co., 769 F Supp 1135 [D Hawaii 1991] [the latter two Federal cases interpreted Vermont and Hawaii law, respectively, even though the highest courts of those States had yet to rule on the issue]).
Holdings to the contrary may be found in Cohen v Allstate *1017 Ins. Co. (231 NJ Super 97, 555 A2d 21 [1989]) and Roe v Amica Mut. Ins. Co. (533 So 2d 279 [Fla 1988]), where the provision was upheld, essentially on the principle that parties should be free to contract as they see fit, with the courts finding no public policy barring enforcement.
The reasoning supporting the majority rule was aptly set forth by the Supreme Court of Minnesota in Schmidt v Midwest Family Mut. Ins. Co. (supra) where it stated (at 874, 875):
"The policy’s arbitration provision, instead of providing a speedy, informal, and relatively inexpensive procedure for resolving controversies between the parties — the raison d’etre of arbitration — instead substantially thwarts those policy goals. By permitting resort to the court system for a trial de nova notwithstanding the absence of any claimed impropriety in the arbitration process itself, by fostering multiple hearings in multiple forums, by increasing the costs to the contracting parties, and, by unnecessarily, and without real cause, extending the time consumed in resolving the controversy it likewise operates to defeat goals designed to promote judicial economy and respect for the judicial system * * *
"To hold otherwise would be to relegate arbitration to little more than a precursor to litigation rather than as a means through which contracting parties may achieve final resolution of claims expeditiously and with relatively little expense. Those reasons seem to us to be particularly compelling when considering trial de nova provisions which have been inserted into insurance contracts.”
Thus, the question before me hinges on a determination as to whether under compulsory arbitration the contractual right of either party to demand a trial de nova of an award in excess of $10,000, which on its face appears to provide mutuality, contravenes any public policy of this State.
Initially it should be observed that "[arbitration is a favored method of dispute resolution in New York” (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 93 [1991]), and "that the State favors and encourages arbitration 'as a means of conserving the time and resources of the courts and contracting parties’ ” (Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281-282 [1977]) by providing litigants with "a relatively expeditious and inexpensive forum to resolve their disputes” (Sablosky v Gordon Co., 73 NY2d 133, 138 [1989]). In Matter of Weinrott (Carp) (32 *1018 NY2d 190 [1973]), the Court, after noting the legislative intent of encouraging arbitration, observed that a "way to encourage the use of the arbitration forum would be to prevent parties to such agreements from using the courts as a vehicle to protract litigation” (at 199).
Here, the arbitration provision only accomplishes the foregoing goals if the insurer is successful in winning on the issue of liability or if damages are found not to exceed $10,000. On the other hand, if a higher award is rendered and the insurer requests a trial de nova, the insured faces the expenses and uncertainty of formal litigation with the consequence that many costs associated therewith, including those incurred to obtain needed expert medical testimony, which in these times are quite significant, will have to be incurred twice.
To me it is evident that the trial de nova provision at issue cannot be said to be in harmony with the goal of providing arbitration as an "expeditious and inexpensive forum” for the resolution of disputes between insureds and insurers. The fact that Insurance Law § 5106 grants an insured the option to arbitrate a dispute with respect to the payment of no-fault first-party benefits, with either party then having the right to demand a trial de nova if the award is $5,000 or greater, does not demonstrate a contrary legislative intent as under that section only the insured can require that the parties proceed to arbitration. Moreover, the issues involved in such disputes are generally much simpler involving only claims for "basic economic loss”, as defined in Insurance Law § 5102 (a). Also, the compulsory arbitration program promulgated by the Chief Judge (22 NYCRR part 28) pursuant to the authority of CPLR 3405, which contains a trial de nova provision, in effect only relates to small commercial claims.
Plaintiff further argues that defendants “purchased the supplementary motorist coverage voluntarily” and therefore should be bound by the nonbinding arbitration provision. However, Insurance Law § 3420 (f) (2) mandates that an insurer issue such coverage at the request of the insured, and this statutory requirement cannot be satisfied if the terms of the policy providing this coverage are so unfair as to be deemed unconscionable. See Matter of Automobile Ins. Co. v Stillway (165 AD2d 572 [1st Dept 1991]), where it was held that an "insurer, may not, by the terms of its policy, limit this coverage which, at the insured’s option, becomes mandatory under Insurance Law § 3420 (f) (2)” (at 575).
*1019 The question next to be considered is whether the "escape hatch” allowing the insurer to relitigate a high damage award may be said to be unconscionable.
The concept of unconscionability derives from the common law, although it has been codified in the sales article of the Uniform Commercial Code (§ 2-302) and in the Real Property Law (§ 235-c) with respect to leases.
In Gillman v Chase Manhattan Bank (73 NY2d 1 [1988]), it was said (at 10): "An unconscionable contract has been defined as one which 'is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforcible according to its literal terms’ * * * A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made — i.e., 'some showing of an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party” ’.” The Court further observed that a contractual provision may be so "outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone” (at 12; see also, People v Two Wheel Corp., 71 NY2d 693 [1988]; Sablosky v Gordon Co., supra, at 138; Matter of Friedman, 64 AD2d 70, 84 [2d Dept 1978]).
Clearly an insurance policy is not a negotiated contract and has been referred to as "the prime example of a contract of adhesion” (Kosierowski v Madison Life Ins. Co., 31 AD2d 930, 931 [2d Dept 1969], lv denied 25 NY2d 737; see also, Eagle Star Ins. Co. v International Proteins Corp., 45 AD2d 637 [1st Dept 1974], affd 38 NY2d 861 [1976]; 4 Williston, Contracts § 626 [3d ed]).
The "bottom line” effect of the subject clause is that an insurer who wins in arbitration (as a result of a favorable award on liability or an award that does not exceed $10,000) wins, whereas a successful insured is merely moved to a second plateau, where damages will have to be established in full blown litigation. Although needless to say there are many instances where an insured will find a damage award over $10,000 insufficient and therefore request a trial de nova, it is clear (as noted in the above cited cases) that the party most likely to make such request will be the insurer. Thus, the appearance of mutuality is an illusion. While the Court of Appeals has held that the lack of mutuality in an arbitration clause does not necessarily render it invalid (Sablosky v Gor *1020 don Co., supra), it noted that such factor may be considered in light of all of the existing circumstances in determining whether the clause may be considered unconscionable.
Combining the clear absence of choice on the part of the policyholder with the gross unfairness of the "escape hatch” provision, I conclude that this provision unfairly discriminates against insureds and is therefore unconscionable. (Other cases finding insurance clauses to be unconscionable are: Truax v State Farm Ins. Co., 101 Misc 2d 1031 [Sup Ct, Onondaga County 1979] and Heen & Flint Assocs. v Travelers Indem. Co., 93 Misc 2d 1 [Sup Ct, Monroe County 1977].)
In light of the foregoing, the trial de nova provision may not be enforced. Therefore, since plaintiff has sét forth no infirmity in the arbitration process itself or stated any other defense, defendants are entitled to have the award confirmed. However, there is no proceeding pending in which such relief is sought. Accordingly, pursuant to CPLR 103 (c), defendants’ motion to confirm the award is converted into a special proceeding for such relief (see, Polednak v Country-Wide Ins. Co., 153 AD2d 930 [2d Dept 1989]).