DENNIS PARKER, Plaintiff-Appellee, v. AMERICAN FAMILY INSURANCE COMPANY, Defendant-Appellant.

Third District No. 3—97—0534

Opinion filed April 23, 1998.

HOLDRIDGE, J., dissenting.

James E. Priestley (argued), of James M. Hoffman & Associates, of Schaumburg, for appellant.

Anthony F. Mannina (argued), of Wheaton, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The issue before the court is whether an insurance policy's underinsured motorist arbitration provision is contrary to public policy if it permits a trial *de novo* for awards in excess of the minimum liability set forth in the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7—100 *et seq.* (West 1996)). The trial court concluded that such a structure is contrary to public policy and entered a judgment confirming an arbitration panel's award in favor of the insured, Dennis Parker. Defendant American Family Insurance Company (American Family) appeals. We affirm.

## FACTS

Parker was injured in a motor vehicle accident while he was a passenger in a car. The vehicle that struck the one in which he was riding had liability insurance limits in the amount of $20,000. Parker filed suit against the driver of that vehicle and settled the case for

the $20,000 policy limit. Parker then filed for arbitration with his own insurance company, American Family, as permitted by the arbitration provisions for underinsured motorist coverage in his American Family policy. The pertinent provisions of the policy provided:

"Arbitration

We or an insured person may demand arbitration if we do not agree:

1. That the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle.

2. On the amount of payment under this part.

\* \* \*

Any arbitration award not exceeding the minimum limit of the Illinois Safety Responsibility Law:

1. Will be binding; and

2. May be entered as a judgment in any court having jurisdiction.

\* \* \*

If any arbitration award exceeds the minimum limits of the Illinois Safety Responsibility Law, either party has a right to trial on all issues in any court having jurisdiction."

An arbitration panel awarded Parker $75,000 less the $20,000 received in the settlement. Parker filed a petition for judgment on the award in the circuit court. American Family moved to dismiss the petition and filed a counterclaim for a trial on all issues. Relying on *Fireman's Fund Insurance Cos. v. Bugailiskis*, 278 Ill. App. 3d 19, 662 N.E.2d 555 (1996), the trial court found that the arbitration clause was one of adhesion and violated public policy. The court subsequently denied American Family's petition and entered a judgment on Parker's petition. This appeal followed.

## ANALYSIS

The arbitration clause in dispute is common to insurance policies. Numerous courts have addressed the issue of whether such clauses are valid. A majority of courts have determined that these "escape hatch" clauses are contrary to public policy. See *O'Neill v. Berkshire Mutual Insurance Co.*, 786 F. Supp. 397 (D. Vt. 1992); *Field v. Liberty Mutual Insurance Co.*, 769 F. Supp. 1135 (D. Haw. 1991); *Mendes v. Automobile Insurance Co.*, 212 Conn. 652, 563 A.2d 695 (1989); *Worldwide Insurance Group v. Klopp*, 603 A.2d 788 (Del. 1992); *Schmidt v. Midwest Family Mutual Insurance Co.*, 426 N.W.2d 870 (Minn. 1988); *Hanover Insurance Co. v. Losquadro*, 157 Misc. 2d 1014, 600 N.Y.S.2d 419 (1993); *Nationwide Mutual Insurance Co. v. Marsh*, 15 Ohio St. 3d 107, 472 N.E.2d 1061 (1984) (Sweeney, J.,

concurring); *Pepin v. American Universal Insurance Co.*, 540 A.2d 21 (R.I. 1988).

In finding that the "escape hatch" clauses are contrary to public policy, the courts generally follow two lines of reasoning. In the first line, the courts invalidate the clauses because they conflict with state policies regarding arbitration. Several courts have determined that the clauses frustrate the state's requirement of binding arbitration. *E.g.*, *Pepin*, 540 A.2d at 22-23. In the second line, courts void the clauses on the basis that they unfairly favor the insurer. *E.g.*, *Bugailiskis*, 278 Ill. App. 3d at 24, 662 N.E.2d at 558. Since our state encourages arbitration, whether it be binding or nonbinding (see *Mayflower Insurance Co. v. Mahan*, 180 Ill. App. 3d 213, 535 N.E.2d 924 (1988)), the policy considerations in the first line of reasoning are not relevant. We need address solely whether the clause is void because it is unconscionable. American Family asserts that the clause is proper and not against public policy because it promotes arbitration and does not unreasonably favor itself over the insured.

Comments from courts in our sister states have described the clause as creating a "manifest inequit[y]." *Mendes*, 212 Conn. at 660, 563 A.2d at 698. Although facially equal, they are not truly equal. *Marsh*, 15 Ohio St. 3d at 110, 472 N.E.2d at 1063 (Sweeney, J., concurring). Policies with such clauses have been found to possess "earmarks of an adhesive contract." *Schmidt*, 426 N.W.2d at 874. They are said to lack mutuality of remedy and are the result of unequal bargaining positions in which the purchaser has little opportunity for arm's length negotiation. *Schmidt*, 426 N.W.2d at 874; see also *Losquadro*, 157 Misc. 2d at 1019, 600 N.Y.S.2d at 423 ("[T]he appearance of mutuality is an illusion"). The fact that both parties are bound by a low award, when an insurance company is unlikely to appeal, and not bound when there is a high award, when an insurance company is more likely to appeal, demonstrates that the benefits of the clause truly only favor the insurer. *Klopp*, 603 A.2d at 791; *Schmidt*, 426 N.W.2d at 873-75. In essence, the clauses are escape devices that may be used to escape the unwary claimant. *Mendes*, 212 Conn. at 659-60, 563 A.2d at 698.

Courts in Florida and New Jersey reject these descriptions. They note that the insurer also has a right to reject an award over the statutorily prescribed level and demand a jury trial. *Roe v. Amica Mutual Insurance Co.*, 533 So. 2d 279 (Fla. 1988); *Cohen v. Allstate Insurance Co.*, 231 N.J. Super. 97, 555 A.2d 21 (1989)). Thus, there is no unconscionable result.

Recently, the second district of our appellate court in *Bugailiskis*, a case involving underinsured motorist coverage, interpreted a clause

similar to the one at issue here. After an analysis of the cases from various jurisdictions, the court concluded that the clause was simply an "escape hatch" for the insurance company and because of its unequal application, cost, delay and the fact that the contract possessed many "earmarks of a contract of adhesion," it violated public policy and was unenforceable. *Bugailiskis*, 278 Ill. App. 3d at 22, 662 N.E.2d at 558. Accordingly, because of the oppressive nature of the agreement, the insurer had no right to a trial and the court held that the arbitration provision was enforceable except to the extent that it provided for a trial *de novo*. *Bugailiskis*, 278 Ill. App. 3d at 24, 662 N.E.2d at 558.

More recently, this court addressed a similar clause concerning uninsured motorist coverage in *Reed v. Farmers Insurance Group*, 291 Ill. App. 3d 1068, 685 N.E.2d 385 (1997), *appeal allowed*, 175 Ill. 2d 553, 689 N.E.2d 1146 (1997). In *Reed,* this court held that "the clause's structural inequality coupled with its mandatory presence in the policy render it particularly oppressive and unconscionable," and thus unenforceable. 291 Ill. App. 3d at 1075, 685 N.E.2d at 388-89. Unlike *Bugailiskis*, the entire arbitration clause was held to be unenforceable. Furthermore, the court held that section 143a of the Illinois Insurance Code (Code) (215 ILCS 5/143a (West 1996)), which requires that policies include arbitration clauses for claims relating to uninsured motorist coverage, was unconstitutional because it interfered with an insured's right to contract. *Reed,* 291 Ill. App. 3d at 1076, 685 N.E.2d at 390-91.

Although we agree with American Family that the policy promotes arbitration and that Illinois law encourages arbitration as an alternate method of dispute resolution (*Johnson v. Baumgardt,* 216 Ill. App. 3d 550, 576 N.E.2d 515 (1991); *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 491 N.E.2d 1322 (1986)), we believe the escape clause favors the insurance company in such a way as to render the agreement oppressive. Such agreements are entered with little opportunity for any meaningful negotiation. The result is to allow a safety net to protect the insurer from larger awards, while at the same time insulating the insurer from additional litigation when a small award is granted. Under this system, the insured would truly benefit only if an award were over $20,000, but yet less than the amount desired. However, as a matter of common sense, the party who is likely to be dissatisfied with an amount over $20,000 is the insurer, not the insured. The right granted to the insured is merely theoretical. The true benefits of the agreement inure solely to the insurer. This is an unacceptable structure which unequivocally favors American Family. Thus, we agree with

*Bugailiskis* and hold that the trial *de novo* clause is unconscionable and contrary to public policy.

What remains to be determined is whether the entire arbitration scheme of the policy should be voided or whether only the "escape hatch" provision should be stricken.

Relying on *Reed*, American Family contends that the proper remedy is to strike the entire arbitration section from the contract and remand the case to the circuit court for trial. Although this court took that approach in *Reed*, we do not believe a remand is mandated in the instant case. *Reed* involved uninsured motorist coverage and thus mandatory arbitration under section 143a(1) (215 ILCS 5/143a(1) (West 1996)). The concerns in *Reed* stemmed from the statute's requirement that all uninsured motorist claims be arbitrated and that all such clauses contain the type of escape hatch that is in dispute in this case—a directive that we held to be inconsistent with our constitution. *Reed*, 291 Ill. App. 3d at 1076, 685 N.E.2d at 390-91. Accordingly, it was appropriate to strike the entire arbitration scheme of the policy.

In this case, the parties were not statutorily required to enter into an arbitration agreement. Unlike section 143a, section 143a—2 of the Code (215 ILCS 5/143a—2 (West 1996)), which applies to underinsured motorist provisions, does not require arbitration. *Mayflower Insurance Co. v. Mahan*, 180 Ill. App. 3d 213, 535 N.E.2d 924 (1988). As noted above, however, arbitration is an encouraged form of dispute resolution and in order to preserve the parties' agreement to the greatest extent possible, we hold that only the trial *de novo* clause is unenforceable and that the trial court properly entered a judgment confirming the arbitration panel's decision. See *Bugailiskis*, 278 Ill. App. 3d at 24, 662 N.E.2d at 558; *Klopp*, 603 A.2d at 791-92; *Schmidt*, 426 N.W.2d at 875.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SLATER, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. In order for the majority to find that the trial *de novo* provision is unconscionable, and thus unenforceable, it has engaged in the unsupported assumption that only the insurance company would seek to avoid an arbitration award of more than $20,000. Such an assumption is nothing more than pure speculation.

I see no empirical evidence to support the majority's bald assertion that "as a matter of common sense, the party who is likely to be dissatisfied with an amount over $20,000 is the insurer, not the insured." 296 Ill. App. 3d at 113.

Unlike appeals based upon the law, appeals to common sense often depend upon who is the appellant. Indeed, as long as we are engaging in pure speculation and appeals to common sense to support our holdings, I could speculate that a plaintiff expecting a $100,000 award from an arbitrator would invoke the *de novo* provision to avoid an arbitration award of $21,000, much to the chagrin of the insurance company that would have been happy to pay the arbitrator's award.

I admit that, from among our sister states that have ruled on this identical issue, only the Florida Supreme Court (*Roe v. Amica Mutual Insurance Co.*, 533 So. 2d 279 (Fla. 1988)), the New Jersey Appellate Court (*Cohen v. Allstate Insurance Co.*, 231 N.J. Super. 97, 555 A.2d 21 (1989)), and the Arizona Appellate Court (*Liberty Mutual Fire Insurance Co. v. Mandile*, 192 Ariz. 216, 963 P.2d 295 (Ct. App. 1997)) have rejected the temptation to speculate that an insured would never reject an arbitral award above the statutory financial responsibility limit. However, I find their analysis more persuasive.

I agree with the reasoning of the Arizona court in *Mandile*:

"When a plaintiff who thinks his case is worth $300,000 gets only $50,000 from the arbitrators, that plaintiff will want the option of appeal (and may use that option as a leverage point in settlement discussions). Conversely, an insurance company that thinks a case is defensible, and is ordered to pay $14,999, may wish it could appeal but will lack the right to do so. The *de novo* appeal right, overall, is probably as important to plaintiffs as to defendants." *Mandile*, 192 Ariz. at 221, 963 P.2d at 300.

Similarly, in rejecting the same unsupported speculation adopted by the majority in this matter, the *Cohen* court noted:

"A variety of situations can be hypothesized in which an insured would welcome the opportunity to reject an arbitration award and demand a trial. ***

In short, while we might speculate that the policy provision is unfairly tilted in favor of Allstate, that would be nothing more than guesswork. We cannot properly base a determination of unconscionability on unsubstantiated impressions and personal intuition. Evaluation and adjustment of the competing public and private interests are best left to the legislative and administrative process." *Cohen*, 231 N.J. Super. at 102, 555 A.2d at 24.

For the reasons articulated above, I would reverse the trial court judgment for Parker and grant American Family's counterclaim for a trial on all issues. I dissent on that basis.