[No. 1475. Decided January 8, 1895.]

# C. VAN HORNE ET AL., *Appellants*, *v.* C. A. WATROUS ET AL., *Respondents*.

APPEALABLE ORDER—JUDGMENT OF DISMISSAL—CONSTRUCTION OF CONTRACT—PROVISION FOR ARBITRATION—PLEADING—DEMURRER.

A judgment dismissing an action, when plaintiff elects to stand upon his complaint after the sustaining of a general demurrer thereto, is not a judgment of dismissal for want of prosecution, and consequently the judgment is an appealable order.

Whenever the terms of a contract leave it doubtful whether the settlement of a disputed question is intended to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress.

In an action upon a contract which recognizes the right of the parties to make assignments, a complaint setting up the contract is not demurrable for the reason that the action is by and against different parties than those named in the contract, when the complaint shows their interest through assignment.

*Appeal from Superior Court, King County.*

*Pratt & White* and *Johnson Nickeus*, for appellants.

*Ira Bronson*, for respondents.

The opinion of the court was delivered by

STILES, J.—The court below sustained the general demurrer to the plaintiffs' complaint. The plaintiffs elected to stand upon their complaint and judgment was rendered dismissing the action and for costs.

Respondents' motion to dismiss was not well taken. *Pacific Supply Co. v. Brand*, 7 Wash. 357 (35 Pac. 72), was decided upon a different state of facts. In that case there was no standing upon the pleading, but the plaintiff was given time to amend. That was the only record there was in the case.

The complaint here shows that appellant Van Horne and

one Derrickson entered into an agreement with respondent Watrous and one Culver, August 22, 1892, the substance of which was that Van Horne and Derrickson should procure and furnish to Watrous and Culver certain Paragon oil cans, and the latter were to have the exclusive right to use the cans in their business of selling oil in the city of Seattle. In consideration of the procurement and use of the cans, for which Van Horne and Derrickson had the exclusive right in the State of Washington, Watrous and Culver undertook and agreed to pay for the oil cans at a price agreed upon, to supply themselves with the necessary equipment to begin and continue the sale of oil and gasoline in said cans in the city of Seattle and its suburbs, and to prosecute that business with diligence, and also to pay Van Horne and Derrickson a royalty of two cents per gallon for the oil and gasoline purchased by them for sale in the business aforesaid. The royalty was to be paid on the 2d day of January, 1893, and thereafter on the 1st day of each and every month during the continuance of the agreement. This suit was brought to recover the sum of $700 alleged to be the royalty upon 35,000 gallons of oil and gasoline disposed of between January and November, 1893, inclusive.

The first ground of objection to the complaint seems to have been that the matter of royalty was not submitted to arbitrators after a method provided for in the contract. The arbitration clause occurs immediately after the stipulation of Van Horne and Derrickson to furnish the oil cans, and is as follows:

"And it is further agreed that in case the business is not being conducted to the satisfaction of the first parties (Van Horne and Derrickson), they shall notify said second parties, and if not corrected at once to the satisfaction of said first parties, they may demand the said business to be turned over to them; and should any disagreement arise between the first and second parties *as to the claim*, then both parties hereto agree to leave the question in dispute to the arbitration of three disinterested men to be appointed as follows: * * * And said second parties agree that upon the decision of said committee that they have failed to perform any of the stipulations herein contained within a reasonable

time, that this agreement shall become void and of no effect ; and that they will turn over all cans in their possession in the business of their customers, and also all equipments they may have on hand necessary for running said business, to said first parties ; and said first parties shall pay to said second parties whatever price for the same that the said arbitration committee may place thereon."

Then follows, in the agreement, the stipulations on the part of Watrous and Culver.

The first contention of the respondents is that the words " as to the claim," used in the arbitration clause of the contract, apply to any and every ground of action which Van Horne and Derrickson might at any time have against them under the contract. Appellants maintain, however, that this phrase only applies to the decision of the question whether or not the business was being conducted as it ought to be, and matters connected therewith, and we think their contention is correct. It certainly has no application to the matter of the royalty, which is a fixed and liquidated sum, payable at certain stated times. Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention ; but whenever they leave it doubtful whether such a method of settling a disputed question was intended to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress in the usual manner.

It is also objected that the action is not prosecuted against Culver, but is prosecuted against the respondent, Hankerson. If this be pleaded as a suggestion of a defect of parties, it is a point not well taken, because not capable of being raised under a general demurrer. If it is objected that no sufficient reason is shown for bringing Hankerson into the case, a sufficient answer is that the contract recognizes assignments and shows an assignment by Culver to Hankerson. The date of the assignment is not stated, but it is alleged to be on a certain day in 1893 ; and that the oil dealt in was purchased and sold in the course of business, under the agreement, by Watrous and Hankerson. So also the

suggestion that Derrickson was not a party is not well taken, since it affirmatively appears that Derrickson assigned his interest in the contract to Sprague.

Upon the whole, we think that facts sufficient were stated to constitute a cause of action upon the royalty, and that the judgment dismissing the suit should be reversed. So ordered.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.