[No. 8549-2-I.   Division One.   January 11, 1982.]

JET SET TRAVEL CLUB, *Appellant,* v. HOUSTON GENERAL INSURANCE GROUP, ET AL, *Respondents.*

*Williams, Novack & Hansen, P.S., Edward Hansen,* and *Tom H. Graafstra,* for appellant.

*Sweet, Dussault & Neff, James Neff,* and *Kirk S. Port-mann,* for respondents.

CORBETT, J.—Jet Set Travel Club appeals from an order of summary judgment granted in favor of Equitable General Insurance Company, which was substituted as defendant at the trial level for Houston General Insurance Group.

The Club sought recovery under an insurance policy which contained hull coverage subject to limitations regarding pilot qualifications. The claim involved a landing accident that occurred on December 5, 1973, in Moses Lake, Washington, in which the nose gear of the Club's airplane was damaged in the amount of approximately $116,000. Several weeks after the accident, the Club reported the loss to Equitable and an investigation was initiated. On April 29, 1974, Equitable advised the Club that there was no coverage for the accident due to violation of

the pilot warranty provisions of the policy. There was continued discussion of coverage until June 1974, but no agreement was reached. Equitable sent a letter to the Club on June 17, 1974, reaffirming the denial of coverage. The Club had no further contact with Equitable until January 30, 1976, when the Club's attorney wrote to Equitable urging settlement of the claim. Equitable maintained its position of no coverage. Suit was filed on March 23, 1976, but service was not effected until January 6, 1977, when substituted service was obtained on the Washington Insurance Commissioner.

The insurance policy contained the following provision:

Payment of loss action against company:
Payment for loss may not be required nor shall action lie against the company unless as a condition precedent thereto the named insured shall have fully complied with all of the terms of this policy nor until 30 days after proof of loss filed and the amount of loss is determined as provided in this policy *nor at all unless commenced within 12 months after the happening of the loss.*

(Italics ours.) The Club contends that the wording of Equitable's correspondence and its continued willingness to discuss coverage raises at least a factual question as to whether Equitable waived its right to enforce this provision or is estopped from asserting the limitation.

■ The meaning of waiver and estoppel in this context is:

Waiver by an insurer has been defined as the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge of all the facts pertaining thereto . . .
Estoppel, on the other hand, refers to an insurer being barred from asserting a right where to permit such an assertion would be inequitable.

*Morrissette v. Continental Life & Accident Co.,* 9 Wn. App. 789, 791–92, 514 P.2d 1391 (1973).

■ In order to make a determination concerning the Club's claim of estoppel, we must review the record to determine if there was (a) a statement made by Equitable

inconsistent with the claim of no coverage, presently asserted, and (b) reliance or action by the Club to its detriment. *Peterick v. State,* 22 Wn. App. 163, 177, 589 P.2d 250 (1979). The Club's reliance must be reasonable. *Marsh v. General Adjustment Bureau, Inc.,* 22 Wn. App. 933, 936, 592 P.2d 676 (1979). A summary judgment may be granted only if the pleadings, affidavits, depositions or admissions on file show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963). The burden was on Equitable to demonstrate that no genuine dispute as to any material fact existed, taking the material submitted for and against the motion in a light most favorable to the Club. *Morris v. McNicol,* 83 Wn.2d 491, 519 P.2d 7 (1974).

The last correspondence from the insurer to the Club prior to expiration of the 12–month limitation period was a letter, dated June 17, 1974, which stated:

> I regret the fact that I must inform you again there is no coverage for the accident in question since it involves a substantial amount of money. The loss, however, is not covered under the terms and conditions of the policy and I frankly doubt the underwriters would have covered the particular flight even had such been requested. The two–engine out–approach in forge–engine jet aircraft has proved to be so hazardous and so many fatal accidents have resulted that the airlines discontinued doing these in the aircraft and this is only done in aircraft simulators at the present time.
>
> For the reasons set forth in our letter of April 29 to Jet Set Travel Club, there appears to be no coverage for the accident in question. If you have any questions, I would be pleased to discuss the matter at any time by letter or phone.

The Club contends that it changed its position by expending funds for an attorney from 1974 until 1976, to provide information to it and the insurance company on the issue of coverage. However, the attorney fees incurred by the Club did not flow from Equitable's statements, which unequivocally denied coverage. The evidence as to waiver

or estoppel appears undisputed, and its determination is a question of law for the court. *Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 335, 585 P.2d 157 (1978). The trial court did not abuse its discretion in finding no intentional relinquishment or waiver of the provision by Equitable, as defined by *Morrissette v. Continental Life & Accident Co., supra.* In addition, there is no evidence that the Club could have been misled by the wording of the correspondence, thus causing Equitable to be estopped from denying coverage.

The Club further argues that Equitable failed to give it notice of the impending expiration of the 12–month limitation and therefore may not rely upon that provision, citing *Hionis v. Northern Mut. Ins. Co.,* 230 Pa. Super. 511, 327 A.2d 363, 365 (1974). However, absent circumstances to support estoppel, an insurance company is under no duty to notify a claimant of the impending expiration of a statute of limitations. *Marsh v. General Adjustment Bureau, supra* at 936, or, by implication, a similar limitation provision within the policy itself.

The Club also argues that such a provision within the policy is unconscionable because insurance contracts involve parties of unequal bargaining power, and the terms of such contracts cannot be enforced if they shock the conscience. This position was abandoned during oral argument, where the Club recognized the holding of *Simms v. Allstate Ins. Co.,* 27 Wn. App. 872, 874, 621 P.2d 155 (1980), which noted that limiting language in a contract did not provide less protection than made obligatory by the state insurance code, RCW 48.18.200. The statute does not prohibit clauses such as the one here and the clause is not in violation of public policy. Therefore, the clause is not unconscionable.

Affirmed.

Swanson and Ringold, JJ., concur.