[No. 16626-1-III.   Division Three.   May 26, 1998.]

MYRNA PETERSEN, *Respondent*, v. UNITED SERVICES
AUTOMOBILE ASSOCIATION, *Appellant*.

*G. Ward McAuliffe III* of *Chase, Haskell, Hayes & Kalamon,* for appellant.

*Ronald K. Mullin* of *Mullin, Cronin, Casey & Blair, P.S.,* for respondent.

*Debra L. Stephens* and *Bryan P. Harnetiaux* on behalf of Washington State Trial Lawyers Association, amicus curiae.

KATO, J. — After an auto accident, Myrna Petersen made an underinsured motorist claim (UIM) with her insurer, United Services Automobile Association (USAA). After arbitration, Ms. Petersen was awarded $149,535. She attempted to reduce the award to judgment, but USAA objected because it had requested a trial de novo pursuant to an insurance policy provision. The court enforced the arbitration award and granted Ms. Petersen attorney fees. Contending it was entitled to a trial de novo and the court erred by awarding attorney fees, USAA appeals. We affirm.

In April 1994, Ms. Petersen was struck by an uninsured motorist. She filed a claim with USAA, her insurance carrier, for UIM benefits. USAA disputed the nature and extent of her injuries so the parties proceeded to arbitration under the policy's arbitration clause.

The insurance policy provided that any decision of the arbitrators would be binding unless either side demanded a trial de novo within 60 days of the arbitration award. In October 1996, Ms. Petersen was awarded $149,535 in damages after arbitration. USAA timely requested a trial de novo. Ms. Petersen moved in the superior court to reduce the arbitration award to judgment.

USAA filed a response to the motion to reduce the award to judgment and also sought declaratory relief. The insurer objected to the entry of judgment on the arbitration award because it had requested a trial de novo. USAA requested declaratory relief that (1) the trial de novo provision of the

policy was valid and enforceable; (2) it be allowed to request and seek a trial de novo; (3) attempted enforcement of its contractual provision was not bad faith; and (4) Ms. Petersen was not entitled to attorney fees.

Both parties moved for summary judgment on the validity of the policy's clause permitting a trial de novo. The parties agreed that USAA's request for declaratory relief as to a bad faith determination was not before the court. Finding the insurance clause was within the purview of the arbitration statute, RCW 7.04, the court determined it was unenforceable and void as against public policy. The court granted Ms. Petersen's motion for summary judgment and reduced the arbitration award to judgment. It also awarded her $9,000 in attorney fees. The insurer's motion for reconsideration of the award of attorney fees was denied. USAA appeals.

■ When reviewing an order of summary judgment this court engages in the same inquiry as the trial court. *Schelinski v. Midwest Mut. Ins. Co.*, 71 Wn. App. 783, 787, 863 P.2d 564 (1993). Interpretation of insurance policies is a question of law. *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993).

The relevant portion of the arbitration clause in Ms. Petersen's insurance policy states:

> A decision agreed to by two of the arbitrators will be binding as to:
>
> 1. Whether the covered person is legally entitled to recover damages; and
>
> 2. The amount of damages, *unless either party demands the right to a trial within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.*

(Emphasis added.) USAA contends the clause's failure to reference RCW 7.04 indicates that contract law, not the statute, controls. But in Washington, arbitration is indeed controlled by RCW 7.04, a statute that "amounts to a code

of arbitration." *Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 495, 946 P.2d 388 (1997) (quoting *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963)).

▆▆ RCW 7.04.010 provides:

> Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this chapter, any controversy which may be the subject of an action existing between them at the time of the agreement to submit, or they may include in a written agreement a provision to settle by arbitration any controversy thereafter arising between them out of or in relation to such an agreement. Such agreement shall be valid, enforceable and irrevocable save upon any such grounds as exist in law or equity for the revocation of any agreement.

Arbitration is a statutorily recognized special proceeding with the rights of the parties being controlled by the statute, RCW 7.04. *Price*, 133 Wn.2d at 496. "Arbitration traces its existence and jurisdiction first to the parties' contract and then to the arbitration statute itself." *Id.* (footnote omitted). USAA and Ms. Petersen agreed to arbitrate; RCW 7.04 governs the rights of the parties thereafter. The arbitration statute controls in determining the validity of the trial de novo clause.

▆▆ Under RCW 7.04 the superior court's authority in arbitration proceedings is limited to confirming, vacating, modifying, or correcting the award. RCW 7.04.150-.170; *Munsey v. Walla Walla College*, 80 Wn. App. 92, 95-96, 906 P.2d 988 (1995). Unless the court has grounds to vacate, modify, or correct the award, RCW 7.04.150 requires the court to reduce the award to judgment. *Price*, 133 Wn.2d at 497. A court may vacate an arbitration award if (1) it was procured by corruption, fraud, or other undue means; (2) the arbitrators were biased or corrupt; (3) the arbitrators were guilty of misconduct; (4) the arbitrators exceeded their powers; or (5) no valid arbitration agreement exists. RCW 7.04.160. A court may modify or correct an award if (1) there was an evident miscalculation; (2) the arbitrators

made an award upon a matter not submitted to them; or (3) the award is imperfect in its form. RCW 7.04.170.

Here, the court reduced the arbitration award to judgment.[1] The trial de novo clause does not override RCW 7.04. There is no dispute that none of the statutory circumstances permitting vacation, modification, or correction of the award were present. In these circumstances, the court was required to confirm the arbitration award.[2] The court did not err by granting summary judgment for Ms. Petersen.

Furthermore, Washington's strong public policy in favor of arbitration supports invalidating the trial de novo clause. The purpose of arbitration is to avoid the courts to resolve a dispute. *Boyd v. Davis*, 127 Wn.2d 256, 262, 897 P.2d 1239 (1995). Encouraging parties to submit voluntarily their disputes to arbitration is an increasingly important objective in our litigious society. This objective would be frustrated if a trial court were permitted to review de novo an arbitration award. *Id.*

A court may not look beyond the face of the arbitration award. *Price*, 133 Wn.2d at 496-97. Nor may a court conduct a trial de novo or search the four corners of the document to determine the parties' intent. *Id.* at 497; *Boyd*, 127 Wn.2d at 262-63. Parties may not create their own boundaries of review. *Barnett v. Hicks*, 119 Wn.2d 151, 161, 829 P.2d 1087 (1992). USAA and Ms. Petersen were bound by RCW 7.04 when they agreed to arbitrate their dispute. The trial de novo clause in the insurance policy cannot alter the court's authority and scope of review in arbitra-

---

[1]USAA contends Ms. Petersen improperly cited superior court opinions in argument to the trial court. RAP 10.4(h) prohibits the use of unpublished appellate court opinions as authority. Although it may also be improper to so use superior court decisions, the trial court made no reference to them in making its ruling.

[2]USAA claims this result violates its right to a jury trial. But arbitration is a forum selected by the parties in lieu of a court of law. *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 132, 426 P.2d 828 (1967). The objective behind arbitration is to avoid going to court. *Id.* By agreeing to arbitration, USAA waived its right to a jury trial.

tion proceedings. Under the arbitration statute, the trial court had no authority to permit a trial de novo.

■ USAA next contends the court erred by awarding Ms. Petersen attorney fees. Washington follows the "American rule" on attorney fees, which provides that such fees are not recoverable by the prevailing party as costs of litigation unless the recovery is permitted by contract, statute, or a recognized ground of equity. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 143, 930 P.2d 288 (1997). A narrow exception to the rule was carved out in *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 54, 811 P.2d 673 (1991), in which the court determined that insureds were entitled to attorney fees if they were compelled to assume the burden of legal action to obtain benefits under their insurance contract. But when the dispute is over the value of a claim, the insured is not entitled to fees. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994).

Ms. Petersen and USAA did not seek relief in the trial court in a disagreement over the amount of damages. Rather, their dispute centered on the trial de novo provision of the arbitration clause. Ms. Petersen claimed the arbitration was binding so she was entitled to reduce her award to judgment. USAA contended it was not bound by the arbitration and was thus entitled to a trial de novo under the policy. The true nature of the dispute was whether Ms. Petersen had the right to obtain a benefit, i.e., payment on the arbitration award, under her insurance contract. She was compelled to bring legal action to obtain this benefit. The trial court properly awarded attorney fees to Ms. Petersen under *Olympic S.S. Co.*

Ms. Petersen also requests attorney fees on appeal. For the same reasons, she is entitled to fees on appeal as well under *Olympic S.S. Co.*

Affirmed.

SCHULTHEIS, C.J., and KURTZ, J., concur.