[No. 42985-0-I.   Division One.   January 31, 2000.]

JOHN A. GODFREY, *Respondent*, v. HARTFORD CASUALTY INSURANCE COMPANY, *Appellant*.

---

[19]*State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991).

[20]*McFarland*, 127 Wn.2d at 336.

*Linda B. Clapham* and *Charles C. Huber* of *Lane Powell Spears Lubersky, L.L.P.*, for appellant.

*Tom Chambers*, for respondent.

BAKER, J. — An insurance policy provided for binding arbitration to determine the insured's eligibility to recover damages from underinsured motorist coverage, but also provided that either party could request a trial de novo to determine the amount of damages. The insured and the carrier agreed to arbitration pursuant to the policy. The insurer did not accept the arbitrators' decision as to the

amount of damages and, pursuant to the policy, requested trial de novo. The insured moved for judicial enforcement of the arbitrators' nonbinding damages award. The trial court entered judgment upon the award, and Hartford appeals. We hold that the trial court erred by entering judgment upon a nonbinding arbitration award, and reverse.

## I

John Godfrey was injured as a passenger on a Seattle Metro Transit bus (Metro). Because Metro was self-insured, Godfrey claimed coverage under his underinsured motorist (UIM) policy with Hartford Casualty Insurance Company. After Godfrey filed suit, Hartford stipulated to coverage and agreed to submit the damage issue to UIM arbitration. The stipulation to submit to UIM arbitration did not state that the arbitrators' award would be binding upon the parties.

The arbitration clause in the insurance contract states:

A.   If we and an **insured** do not agree:

   1.   Whether that person is legally entitled to recover damages under this endorsement;

        or

   2.   As to the amount of damages;

   either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B.   We will pay all arbitration expenses. Arbitration expenses will not include an "insured's" attorney's fees or any expenses incurred in producing evidence or witnesses.

C.   Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages, unless either party demands the right to a trial within 60 days of the arbitrators' decision.

   If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

(Emphasis added.)

The arbitrators awarded Godfrey $165,000 for his injuries. Hartford demanded a trial as specified under section C(2) of the policy. Godfrey moved to enforce the award as a final judgment. The trial court declared paragraph C(2) of the policy void and unenforceable under this state's arbitration act, RCW 7.04, and ordered Hartford to pay both the arbitration award and attorney fees. Hartford appeals.

## II

Washington's arbitration statute reads:

**Arbitration authorized**

Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this chapter, any controversy which may be the subject of an action existing between them at the time of the agreement to submit, or they may include in a written agreement a provision to settle by arbitration any controversy thereafter arising between them out of or in relation to such agreement. Such agreement shall be valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement.[1]

In *Petersen v. United Services Automobile Ass'n*,[2] Division Three of the Court of Appeals examined an insurance policy provision that is identical to the provision in this

[1] RCW 7.04.010.

[2] 91 Wn. App. 212, 955 P.2d 852 (1998).

case. The court held that RCW 7.04 governs the rights of parties after arbitration and further held that the validity of the "trial de novo" clause in the insurance contract must be determined under RCW 7.04.[3] Because none of the statutory circumstances justifying vacation, modification or correction of an award were present in that case, the court concluded that confirmation of the award was mandatory.[4] The *Petersen* court also noted that:

> Encouraging parties to submit voluntarily their disputes to arbitration is an increasingly important objective in our litigious society. This objective would be frustrated if a trial court were permitted to review de novo an arbitration award.[5]

The court concluded that the trial de novo clause in the policy could not alter the court's authority and scope of review in arbitration proceedings.[6] The *Petersen* court thus invalidated the clause on public policy grounds.

## III

We begin our analysis by recognizing that binding arbitration differs from other forms of alternative dispute resolution that are compulsory or nonbinding, such as conciliation, mediation, and nonbinding arbitration, although the latter is often mistakenly referred to as "arbitration."[7] In general, a contract can compel parties to engage in alternative dispute resolution before resorting to the courts, even where that process does not result in an enforceable award.[8]

The Supreme Court of Washington long ago held that:

---

[3]*Petersen*, 91 Wn. App. at 216.

[4]*Id.* at 217.

[5]*Id.*

[6]*Id.* at 217-18.

[7]Tom Cullinan, Note, *Contracting for an Expanded Scope of Judicial Review in Arbitration Agreements*, 51 VAND. L. REV. 395, 397 n.12 (1998).

[8]*See Harrison v. Nissan Motor Corp.*, 111 F.3d 343, 349-50 (3d Cir. 1997). It is worth noting that a statute can also compel parties to resort to nonbinding

Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention; but whenever they leave it doubtful whether such a method of settling a disputed question was intended to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress in the usual manner.[9]

Arbitration under the contract in the instant case is not intended as a final and binding process. Instead, it provides that *either* party dissatisfied with the damages awarded at arbitration may set aside that award and proceed to trial.

Other states have invalidated trial de novo clauses in insurance contracts, albeit under circumstances not present in the instant case. For example, the court in *Fireman's Fund Insurance Cos. v. Bugailiskis*[10] considered an arbitration clause which provided that either party has a right to request a trial de novo where an arbitration award exceeds $20,000. The court noted that an agreement to submit to nonbinding arbitration does not violate public policy.[11] But the court also noted that the clause bound the insured to a low award while allowing the insurer to avoid a high award, and that an insurer was more likely to appeal a high award than an insured and thus the particular clause in question was not equal in its application.[12] The clause was therefore declared invalid on public policy grounds, with the court further stating that the provision lacked mutuality of rem-

---

arbitration before resolving a controversy in court. *See* RCW 7.06 (mandates nonbinding arbitration of disputes under $35,000).

[9]*Van Horne v. Watrous*, 10 Wash. 525, 527, 39 P. 136 (1895) (contract provision requiring arbitration of disputes about the satisfactory performance of management of a business was held not to apply to disputes over the amount of royalties which were a fixed liquidated sum payable at stated times).

[10]278 Ill. App. 3d 19, 662 N.E.2d 555, 214 Ill. Dec. 989, *appeal denied* 167 Ill. 2d 552, 667 N.E.2d 1057, 217 Ill. Dec. 664 (Ill. App. Ct. 1996).

[11]*Bugailiskis*, 662 N.E.2d at 557.

[12]*Id.*

edy and was entered into between parties with unequal bargaining power.[13]

On the other hand, the court in *Cohen v. Allstate Insurance Co.*[14] upheld the validity of an arbitration clause which provided that either party has a right to request a trial de novo where an arbitration award exceeds $30,000. The court noted that the New Jersey Legislature had mandated both binding and nonbinding arbitration of certain insurance claims but had not mandated any form of alternative dispute resolution for UIM claims.[15] The court also noted that public policy encourages the use of alternative dispute resolution "while preserving full flexibility to the parties to elect or reject, and to structure and limit, that process as they choose."[16]

The trial de novo clause in the policy here does not contain a maximum award limit such as the clauses in the cases discussed above. Although this clause formed part of a contract between parties with unequal bargaining power because it would be unlikely that an insured could negotiate the terms of the arbitration clause, provisions in insurance agreements are not invalid merely because parties lack equal bargaining power upon entering into the contract.[17] Godfrey has not alleged any facts or circumstances related to the formation of this agreement which would justify setting aside the provision here, nor are any disclosed in the record. This clause is not invalid merely due to the unequal bargaining power of these parties.

---

[13]*Id.*; *accord Schmidt v. Midwest Family Mut. Ins. Co.*, 413 N.W.2d 178 (Minn. Ct. App. 1987), *aff'd* 426 N.W.2d 870 (1988) (noting that an insured objecting to an arbitration award as unreasonably low would have no opportunity to submit the issue to trial while an insurer objecting to an award as unreasonably high would have such recourse).

[14]231 N.J. Super. 97, 555 A.2d 21 (App. Div.), *cert. denied*, 563 A.2d 846 (1989).

[15]*Cohen*, 555 A.2d at 23.

[16]*Id.*

[17]*Planet Ins. Co. v. Wong*, 74 Wn. App. 905, 877 P.2d 198, *review denied* 125 Wn.2d 1008 (1994); *Public Employees Mut. Ins. Co. v. Hertz Corp.*, 59 Wn. App. 641, 800 P.2d 831, *review denied* 116 Wn.2d 1013 (1990); *Jet Set Travel Club v. Houston Gen. Ins. Group*, 30 Wn. App. 882, 639 P.2d 220 (1982).

■ The subject arbitration clause cannot bind an insured to a low award while allowing the insurer to avoid a high award. The application of this clause is not inherently unfair because either party has a right to request a trial de novo if they are dissatisfied. Although Godfrey speculates that the practical effect of such a clause may be that an insurer is more likely than an insured to demand a trial de novo, an argument that nonbinding arbitration clauses in insurance contracts are void as a matter of public policy is more appropriately addressed to the Legislature.[18] "Washington courts rarely invoke public policy to override express terms of an insurance policy."[19] We decline Godfrey's invitation to invalidate this trial de novo clause on public policy grounds.[20]

Moreover, we note that the Legislature has actively legislated UIM coverage issues in Washington.[21] In 1987 the Legislature considered, but failed to adopt, legislation containing a provision that would have subjected UIM claims to mandatory binding arbitration in accordance with RCW 7.04.[22] The reasons why the Legislature failed to adopt that legislation were not set forth, and thus it is far from clear that the Legislature specifically rejected mandatory UIM arbitration. But given the level of legislative activity in the area of UIM legislation, we presume that if the Legislature had considered the impact of nonbinding arbitration clauses to be a matter of strong public policy, as Godfrey suggests, the Legislature would have acted to

---

[18]*Cary v. Allstate Ins. Co.*, 130 Wn.2d 335, 340, 922 P.2d 1335 (1996) (public policy is generally determined by the Legislature, not the courts).

[19]*American Home Assurance Co. v. Cohen*, 124 Wn.2d 865, 873, 881 P.2d 1001 (1994) (citing *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876 n.1, 784 P.2d 507, 87 A.L.R.4TH 405 (1990)).

[20]*See Burkhart v. Harrod*, 110 Wn.2d 381, 385, 755 P.2d 759 (1988).

[21]*See* RCW 48.22.030; RCW 48.22.040 (UIM legislation in 1967, 1980, 1981, 1983, 1985).

[22]*See* E.S.H.B. 402 (1987); Dennis A. Dellwo and John S. Conniff, *The Washington Underinsured Motor Vehicle Insurance Statute: Reading the Legislature's Mind*, 23 GONZ. L. REV. 235, 261, 264 (1988).

invalidate those clauses.[23] Because the Legislature has not imposed a requirement for binding UIM arbitration in the UIM statute or the arbitration statute, and because the Legislature has not otherwise invalidated nonbinding arbitration clauses such as the one in the instant case, we are further persuaded to decline Godfrey's invitation to invalidate the trial de novo clause on public policy grounds.

We recognize that our holding is contrary to that of Division Three of this court in *Petersen*. But we conclude that the arbitration statute does not control where parties have not contractually (or otherwise) agreed "to settle" a dispute by arbitration. Although we recognize the rule that judicial review of an arbitration award is confined to the circumstances set forth in the arbitration statute,[24] we reject Godfrey's and the dissent's contention that invocation of this type of trial de novo clause constitutes "review." The trial court here was not asked to engage in a "review" of the arbitration award. Instead, the trial court was asked to conduct a trial de novo on the issue of damages without regard to the amount of damages awarded at arbitration or the propriety thereof. We see no reason why this court should declare nonbinding arbitration to be an invalid form of alternative dispute resolution in this state, as Godfrey suggested during oral argument. We thus reverse the entry of judgment and remand the instant case for a trial de novo on the issue of damages.[25]

Reversed.

GROSSE, J., concurs.

---

[23]*See Sayan v. United Servs. Auto. Ass'n*, 43 Wn. App. 148, 159-60, 716 P.2d 895, *review denied*, 106 Wn.2d 1009 (1986) (public policy statements are based upon legislative enactments and thus the courts are not ordinarily free, under the guise of statutory construction, to expand the requirements of law beyond those that the Legislature has imposed).

[24]*Barnett v. Hicks*, 119 Wn.2d 151, 163, 829 P.2d 1087 (1992).

[25]We note that the dissent begins its analysis by incorrectly characterizing our conclusion as one that "parties to an arbitration agreement can contract their way out of the arbitration statute." This contractual agreement is not within the purview of the statute in the first place.

BECKER, J., (dissenting) — I respectfully disagree with the majority's conclusion that parties to an arbitration agreement can contract their way out of the arbitration statute, RCW 7.04, and secure a trial de novo on an issue that has already been resolved by arbitration. I would not enforce the contractual provision at issue because it allows either party to set aside an award of damages and proceed to trial without establishing one of the five statutorily recognized grounds for vacation. I would, instead, follow Division Three in its holding that the court must reduce the award to judgment when it cannot find one of the grounds for vacation identified in RCW 7.04.160. *Petersen v. United Servs. Auto. Ass'n*, 91 Wn. App. 212, 216, 955 P.2d 852 (1998); *see also Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992).

The majority is reluctant, and properly so, to declare nonbinding arbitration to be an invalid form of alternative dispute resolution. Majority op. at 224. The holding of *Petersen* does not, however, lead to that result. Nonbinding arbitration is the submission of a dispute to an arbitrator with the understanding at the outset that the result will be purely advisory, and the result will be treated by the parties as a recommendation for settlement. *See* WASHINGTON STATE BAR ASS'N, ALTERNATE DISPUTE RESOLUTION DESKBOOK: ARBITRATION AND MEDIATION IN WASHINGTON § 9A.3(1), at 9A-5 (1989). If the parties do settle as a result of nonbinding arbitration, the court does not confirm the arbitration award; rather, it enforces the settlement contract, the terms of which may be different from the arbitrator's award. Thus, nonbinding arbitration is a valid method of dispute resolution. But the award it produces is outside the statute, subject neither to confirmation under RCW 7.04,150, nor to vacation under RCW 7.04.160.

In contrast, the Hartford contract expresses the parties' desire for a procedure that is a genuine trial substitute, resulting in an award subject to confirmation or vacation under the statute. The contract primarily envisions a procedure that is "binding," not merely a prelude to a possible

settlement. At the same time, the contract allows either party to convert a binding and confirmable award of damages to a nonbinding award after the fact. This "unless" clause, "unless either party demands the right to a trial within 60 days," subverts the statutory requirement to show one of the approved grounds for vacating an award.

Hartford builds on a shaky foundation when it relies on the statement in *Van Horne v. Watrous*, 10 Wash. 525, 39 P. 136 (1895), to the effect that any doubt about whether the parties intended an award to be final should be construed in favor of " 'the right to resort to the courts for redress in the usual manner.' " *See* Majority op. at 221. In the century that has followed *Van Horne*, an 1895 decision last cited in 1928, public policy has moved virtually 180 degrees in the opposite direction from that statement. It was to reverse the old judicial attitude of hostility to arbitration agreements that the 1925 Federal Arbitration Act, 9 U.S.C. §§ 1-307, and its state counterparts including RCW 7.04, were enacted. *See, e.g., Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 270, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995).

Emphasizing the primacy of contract, the Ninth Circuit has gone so far as to hold that courts may enforce a provision of an arbitration agreement that expands judicial review of the award beyond the specific powers enumerated in the federal act. *LaPine Tech. Corp. v. Kyocera Corp.*, 130 F.3d 884, 889-90 (9th Cir. 1997). But the parties in that case had contracted for appellate-type review of findings of fact and conclusions of law, not for a trial de novo. *Id.* at 887. One reason why the court was willing to honor the contractual agreement for expanded review is that review for substantial evidence and errors of law is less burdensome than a full trial. *Id.* at 889. The Hartford contract does impose the burden of a trial de novo. Even if the parties do not regard the second trial as burdensome to themselves, it burdens the conflict-resolution system as a whole by making use of two trial forums. The arbitration panel must assume the award will be final, and proceed

with the requisite care. So must the trial court in the trial de novo. Having two trials is at odds with this state's strong policy favoring arbitration as a "quick, certain, and inexpensive alternative to litigation." *Pegasus Constr. Corp. v. Turner Constr. Co.*, 84 Wn. App. 744, 751, 929 P.2d 1200 (1997). Reflecting that policy, our statutory code of arbitration, RCW 7.04, allows a litigant to have either binding arbitration or a trial, but not both.

I would affirm the superior court's decision to enter judgment on the arbitrator's award of damages.

Review granted at 141 Wn.2d 1006 (2000).