256 N.J. Super. 85 (1992)
606 A.2d 420
MICHELE VERBIEST, SERVAAS VERBIEST, SR., AND SERVAAS VERBIEST, JR., PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1992.
Decided May 8, 1992.
*86 Before Judges MICHELS and HAVEY.
Andrew J. Fontanella argued the cause for appellants (Fontanella & Benevento, attorneys, Andrew J. Fontanella, on the briefs).
Kevin P. Harrington argued the cause for respondent (Cantania & Harrington, attorneys, Kevin P. Harrington, on the letter brief).
The opinion of the Court was delivered by HAVEY, J.A.D.
Plaintiffs appeal from an order entered in the Law Division denying their application to confirm an arbitration award rendered pursuant to an underinsured motorist (UIM) endorsement under a policy issued by CIGNA as servicing carrier for defendant New Jersey Full Insurance Underwriting Association (JUA). The UIM endorsement provides that if the insured's claim is submitted to arbitration, "either party may demand the right to a trial" within 60 days of the arbitrators' decision. The trial court concluded that the carrier's timely rejection of the award and demand for a trial satisfied the policy language and nullified the arbitration award. The court therefore required a trial on the merits. Plaintiffs argue that the carrier's failure to file an action in the Law Division demanding a trial within 60 days of the award compelled the trial court to confirm the arbitrators' decision. We reject the argument and affirm.
The facts are not in dispute. Plaintiffs Michele and Servaas Verbiest, Sr. and their child Servaas Verbiest, Jr., sustained bodily injuries in an automobile accident with one George Biggans. Plaintiffs' suit against Biggans was settled when he paid the entire proceeds of his $100,000 general liability policy to plaintiffs.[1] Plaintiffs were insured under a policy issued by *87 CIGNA as servicing carrier for the JUA. The policy included a UIM endorsement in the amount of $300,000. The endorsement provided for arbitration to resolve the issues of whether the "covered person" was "legally entitled to recover damages" as well as the amount of damages to which the "covered person" was entitled. The arbitration provision provided that:
A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the covered person is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
ADDITIONAL DUTY
Any person seeking coverage under this endorsement must also promptly send us copies of the legal papers if a suit is brought.
Upon settlement with Biggans, plaintiffs demanded UIM coverage from the carrier. The matter proceeded to arbitration and on May 8, 1991, the arbitrators unanimously awarded Michele $150,000, Servaas, Sr. $60,000, and Servass, Jr. $12,500. After crediting plaintiffs with the settlement amounts received from Biggans, Michele was awarded $90,000 and Servass, Sr. $35,000. Because Servaas, Jr. received a settlement which exceeded the arbitration award, he was not entitled to coverage under the UIM endorsement.
On May 28, 1991, CIGNA notified plaintiffs that "the arbitrator's awards are rejected." CIGNA nevertheless invited plaintiffs to discuss "possible settlement" and further advised plaintiffs that in the event they "decide to institute litigation," the JUA should be named as the proper party defendant. On the same day plaintiffs filed a petition in the Law Division seeking a confirmation of the arbitrators' award and on June 4, 1991, plaintiffs amended their petition to name the JUA as a party-defendant.
On June 6, 1991, counsel for the carrier wrote to the trial court and plaintiffs advising that "the insurance carrier has rejected the award and is demanding a trial." Plaintiffs thereupon *88 withdrew their complaint. However, on July 26, 1991, plaintiffs filed a second complaint against the JUA seeking confirmation of the award. Judge Donato denied the petition, concluding that the carrier's June 6, 1991 letter constituted "in fact a demand for a trial and that it was in fact sent within the sixty day period" in adherence to the UIM endorsement. The judge allowed plaintiffs to amend their complaint "to add a count on the merits, that is to say, they can litigate the entire merits of the claim."
The thrust of plaintiffs' argument is that under the terms of the policy, once the carrier rejects the arbitration award, it is required to file a complaint demanding a trial within 60 days of the award. They contend that the carrier's failure to do so here made the arbitrators' decision binding and compels confirmation of the award. We disagree.
We have found no reported New Jersey case dealing with the question before us, presumably because it is rare that the carrier rejects UM/UIM arbitration awards and demands a trial. See Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 102, n. 3, 555 A.2d 21 (App.Div.), certif. denied, 117 N.J. 87, 563 A.2d 846 (1989) (Allstate represented to court that the case was the first in New Jersey in which an insurer has rejected a UM arbitration award and demanded a trial). However, in upholding identical language in a UM endorsement, we stated in Cohen that although there is a strong policy favoring arbitration as a means of settling disputes, "it is equally true that the duty to arbitrate, and the scope of the arbitration, are dependent solely on the parties' agreement." 231 N.J. Super. at 100-01, 555 A.2d 21. We found that the "ascertainable public policy" of the endorsement language was to encourage resort to arbitration "while preserving full flexibility to the parties to elect or reject, and to structure and limit, that process as they choose." Id. at 101, 555 A.2d 21 (emphasis added). In so holding, we underscored the fact that the Legislature has made the arbitration of PIP claims mandatory, whereas, "it has not required arbitration of UM claims at all." Id.
*89 Consistent with the "ascertainable public policy" of the endorsement language, we hold that the UIM endorsement simply requires the carrier to reject the arbitrators' decision and demand trial within 60 days of that decision. Requiring the carrier to do more would impinge upon the "full flexibility" of the process contemplated by the plain language of the endorsement, which provides only that "either party may demand the right to a trial" within 60 days if dissatisfied with the award. To hold that the carrier must demand a trial by filing an action in the Law Division would reshape the arbitration procedure contrary to the clear language of the policy. Id. We are required to give the words of an insurance policy their ordinary meaning, and in the absence of an ambiguity, we "should not engage in a strained construction to support the imposition of liability." Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 537, 582 A.2d 1257 (1990). We find no ambiguity here.
Further, as the JUA persuasively argues, it defies logic to argue that an insurer must initiate suit against itself to establish its liability and the quantum of damages it owes to its insured under the UIM endorsement. As in any litigation, plaintiffs bear the burden of filing an action, if necessary, and of coming forward with the requisite proofs in order to recover UIM benefits. The filing of an action here was unnecessary since plaintiffs' claims were already before the Law Division by virtue of their pending action to confirm the arbitrators' decision.
Since the carrier notified the trial court and plaintiffs on June 6, 1991 that it "has rejected the award and is demanding a trial," the arbitration award was a nullity. The court therefore had no power to confirm the award and properly required plaintiffs to come forward with the necessary proofs on the merits of their damage claims.
Affirmed.
NOTES
[1] Under the settlement, Michele received $60,000, Servaas, Sr. $25,000 and Servaas, Jr. $15,000.