866 A.2d 996

HAIM MORAG, PLAINTIFF–RESPONDENT, v. CONTINENTAL
INSURANCE COMPANY OF NEW JERSEY AND ENCOMPASS
INSURANCE COMPANY, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted January 10, 2005—Decided February 1, 2005.

Before Judges PETRELLA, LINTNER and PARKER.

*Hoagland, Longo, Moran, Dunst & Doukas,* attorneys for appellants (*John C. Simons,* of counsel; *Joseph V. Leone,* on the brief).

*Stark & Stark,* attorneys for respondent (*Bruce H. Stern,* of counsel and on the brief).

The opinion of the court was delivered by

LINTNER, J.A.D.

The procedural history and relevant facts giving rise to this appeal are undisputed. Plaintiff, Haim Morag, was involved in an automobile accident. At the time, he had Underinsured Motorist Coverage (UIM) in the amount of $300,000 issued by defendant

Continental Insurance Company of New Jersey, (Continental).[1] Plaintiff notified Continental that he intended to seek damages in excess of the tortfeasor's $100,000 liability policy. Continental waived its rights to subrogation and plaintiff settled the underlying claim for $97,907. The matter proceeded to arbitration and an award totaling $250,000 was rendered on October 9, 2003, yielding a net recovery of $150,000 after crediting Continental with the liability limits of the tortfeasor's policy.

On October 16, 2003, Continental made a written offer through counsel to settle for $50,000 indicating that if the amount was not accepted it would be withdrawn and the arbitration award would be rejected. On October 29, 2003, counsel for Continental rejected the award, writing the following letter to plaintiff's counsel:

> Please be advised that CNA rejects the underinsured motorist arbitration award rendered on July 17, 2003.[sic] This method of rejecting the arbitration award is specifically provided for by *Verbiest v. New Jersey Full Ins. Underwriting Associates [Association]*, 256 *N.J.Super.* 85, 606 A.2d 420 (App.Div.1992).

> Please advise when you file the appropriate Complaint and you may send the Complaint to my attention and I will accept service on behalf of CNA.

On December 22, 2003, plaintiff filed a complaint seeking confirmation of the arbitration award. The complaint also sought damages under plaintiff's UIM coverage and asserted that Continental had acted in bad faith. Contending that Continental's failure to request a jury trial nullified its rejection of the award, plaintiff filed an Order to Show Cause (OTSC) why the arbitration award should not be confirmed. On March 26, 2004, following oral argument on plaintiff's OTSC, the Law Division judge confirmed the arbitration award, finding that "under principles of contract law" the insurer failed to strictly comply with the policy provision requiring a demand for a jury trial. An order confirming the arbitration award and entering judgment in favor of plaintiff for $150,000 plus costs was entered on April 12, 2004. The order further dismissed the remainder of plaintiff's complaint without

---

[1] CNA Personal Insurance (currently known as Encompass Insurance) was the insurance underwriter for Continental.

prejudice "in the event that this [o]rder is reversed and remanded...." Continental appeals and we reverse and remand.

Continental's policy contained the following pertinent language:

**ARBITRATION**

If we and an "insured" do not agree:

1. Whether that person is legally entitled to recover damages under this endorsement; or

2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, *either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.* (Emphasis added.)

On appeal, Continental asserts that: (1) counsel's October 29, 2003, letter satisfied the policy requirements; (2) its intent to exercise its right to a jury trial was made clear from both the contents of its letter and the surrounding circumstances; and (3) its rejection of the award was made in substantial compliance with the language of its policy. Plaintiff counters, asserting that the trial judge properly confirmed the arbitration award, the doctrine of substantial compliance does not apply, and it was not the parties' intent that the letter of October 29, 2003, trigger the trial demand provision of the policy.

We begin our analysis by reviewing the facts in *Verbiest, supra,* 256 *N.J.Super.* 85, 606 *A.*2d 420. In *Verbiest,* the servicing carrier, CIGNA, notified its insured victims twenty days following entry of UIM arbitration awards that the "awards are rejected,"

invited them to discuss "possible settlement," and advised that in the event they "decide to institute litigation" the JUA was the proper party to be named. On the same day, the insured victims filed suit seeking confirmation of the award. Nine days later, counsel for the carrier notified the trial court and the plaintiffs that it "has rejected the award and is demanding a trial." The plaintiffs withdrew their complaint, however, eventually filed a second action, again seeking to confirm arbitration. Finding that the insurer "had in fact demanded trial" within the sixty-day period pursuant to its UIM endorsement, the trial judge dismissed the plaintiffs' complaint insofar as it sought confirmation but permitted an amendment to permit litigation on the merits. The plaintiffs appealed, contending that the carrier was required to file a complaint within the sixty-day period. We rejected their argument and held that "the UIM endorsement simply requires the carrier to reject the arbitrator's decision and demand trial within 60 days of that decision." *Id.* at 422. We also noted "it defies logic to argue that an insurer must initiate suit against itself to establish its liability and the quantum of damages it owes to its insured under the UIM endorsement." *Ibid.*

Here, unlike the facts in *Verbiest,* insurance counsel's letter never expressly demanded a trial. Instead, insurance counsel referred to *Verbiest* and asked plaintiff's counsel to "advise when you file the appropriate Complaint" and instructed him to send the complaint "to my attention and I will accept service on behalf of CNA."

More recently, in *Barnett v. Prudential Property & Casualty Ins. Co.,* 304 *N.J.Super.* 573, 579, 701 *A.*2d 732 (App.Div.1997), *certif. denied,* 154 *N.J.* 610, 713 *A.*2d 502 (1998), we commented on the insufficiency of an insurer's notice rejecting arbitration. In *Barnett,* the insurer notified its insured that it rejected an arbitration award solely on the basis that UIM coverage was precluded under *Aubrey v. Harleysville, Ins.,* 140 *N.J.* 397, 658 *A.*2d 1246 (1995) (holding that the plaintiff, who was involved in an accident while driving a non-owned vehicle with the permission of the

owner, was limited to her own personal policy and not entitled to additional coverage in a garage policy issued to the owner of the vehicle.) After noting that the rejection did not expressly demand a jury trial, we stated:

> The objective of [the insurer], and more importantly the thrust of its notice to [its insured] was as to the underlying coverage issue in light of *Aubrey*. It was not focused upon the amount of damages ascertained by the arbitration. More importantly, there was never a demand for jury trial within the 30 days required under the arbitration provision.
>
> [*Id.* at 579, 658 *A.2d* 1246.]

Here, unlike *Barnett*, the insurer was not rejecting the arbitration award based upon an issue of coverage, but upon the policy provision affording each party the right to reject the award and have a jury decide damages where the award exceeds the minimum limits for liability specified in our financial responsibility law. More importantly, the notice here is not completely silent respecting anticipated trial.

The issue thus presented is whether the second paragraph of insurance counsel's October 29 letter requesting plaintiff's counsel to advise when "you file the appropriate Complaint," which insurance counsel would accept in lieu of service of process on the carrier, was tantamount under the circumstances to suffice as a demand for trial. We conclude that it does.

 In resolving this issue, it is helpful to consider the general principles that guide us in insurance policy interpretation and application. New Jersey law entitles an individual to insurance coverage if the policy language is ambiguous by resolving unclear policy language in favor of the insured. *See, e.g. Sparks v. St. Paul Ins. Co.*, 100 *N.J.* 325, 336, 495 *A.2d* 406 (1985); *Progressive Cas. Ins. Co. v. Hurley*, 166 *N.J.* 260, 273–74, 765 *A.2d* 195 (2001); *Search EDP v. American Home Assurance Co.*, 267 *N.J.Super.* 537, 542, 632 *A.2d* 286 (App.Div.1993). In construing UIM policies, we search broadly, as with other contracts, "for the probable common intent of the parties in an effort to find a reasonable meaning in keeping with the express general purposes of the policies." *French v. New Jersey Sch. Bd. Ass'n, Ins.*

*Group,* 149 *N.J.* 478, 493–94, 694 *A.*2d 1008 (1997). Where policy language is clear and unambiguous, "insurance contracts are enforced in accordance with the reasonable expectations of the insured." *Stiefel v. Bayly, Martin & Fay of Connecticut, Inc.,* 242 *N.J.Super.* 643, 651, 577 *A.*2d 1303 (App.Div.1990). However, it "cannot emphasize too strongly that when an insurance policy is clear and unambiguous ... the court is bound to enforce the policy as it is written." *French, supra,* 149 *N.J.* at 494, 694 *A.*2d 1008. It is not our function "to make a better contract for the parties than they themselves have seen fit to enter into or to alter it for the benefit of one party and to the detriment of the other." *Ibid.* (citing *Royal Ins. Co. v. Rutgers Cas. Ins. Co.,* 271 *N.J.Super.* 409, 416, 638 *A.*2d 924 (App.Div.1994)).

We resolve the issue, specifically the meaning of the October 29 letter, by enforcing what we perceive to be the reasonable expectations of the insured. Although insurance counsel's letter did not use the expressed words "demanding a trial," it sufficiently apprised plaintiff's counsel that the insurer was (1) requiring the insured to file the necessary complaint and (2) waiving formal service of process. The words "when you file the appropriate complaint" used between lawyers following specific reference to *Verbiest,* together with acceptance of service, was equivalent to demanding that plaintiff's counsel proceed to litigate the issue of damages on behalf of his client. Simply stated, the fair implication of the correspondence between the lawyers was that the carrier was demanding a damages trial. To hold otherwise would be placing form over substance. That being said, we are nevertheless constrained to add the following cautionary remarks. The proper and most direct manner to demand a trial is to do so expressly. To do otherwise invites ambiguity, which could, depending on the factual circumstances, lead to a different result. We find no such ambiguity here. Accordingly, we reverse and remand for a damages trial on the merits.

Reversed and remanded.